11-145-ag
Dia v. Holder
BIA
Bukszpan, IJ
A096 264 311

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of February, two thousand twelve.

PRESENT:
>        RICHARD C. WESLEY,
>        RAYMOND J. LOHIER, JR.,
>        SUSAN L. CARNEY,
>             *Circuit Judges.*

_____

Ibrahima Dia,
>        *Petitioner,*

>        v.                                                11-145-ag
>                                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:            H. Raymond Fasano, New York, New York.

FOR RESPONDENT:            Tony West, Assistant Attorney General; Stephen J. Flynn, Assistant Director, Office of Immigration Litigation; Robert Michael Stalzer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ibrahima Dia, a native and citizen of Mauritania, seeks review of a December 17, 2010, order of the BIA affirming the January 29, 2007, decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, which pretermitted his application for asylum and denied withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Ibrahima Dia*, No. A096 264 311 (B.I.A. Dec. 17, 2010), *aff'g* No. A096 264 311 (Immig. Ct. New York, January 29, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case. Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008).

Dia argues that ineffective assistance of counsel led to the inconsistencies in his application that form the basis of the agency's adverse credibility determination. Dia fails to challenge the agency's pretermission of his asylum claim for failure to demonstrate that he applied for asylum within one year of his entry into the United States,

2

the agency's adverse credibility finding, the agency's finding that he failed to demonstrate a nexus to a protected ground, or its finding that he could internally relocate. The agency's dispositive findings stand as valid bases for denying his claims.

Dia argues for the first time before this Court that he was denied due process as a result of ineffective assistance of counsel. Dia failed to exhaust this argument before the BIA either on appeal or through a motion to reopen with the BIA. *See* 8 U.S.C. § 1252(d)(1); *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues they later raise before this Court. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004). While not jurisdictional, we treat exhaustion as mandatory. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007). Accordingly, because Dia failed to raise the issue of ineffective assistance of counsel on appeal to the BIA, which failure the government raised in its brief, we decline to consider the issue in the first instance.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, we VACATE this Court's March 30, 2011 temporary stay of removal and dismiss petitioner's referred motion for a stay of removal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
